**LAGOMARSINO LAW**
ANDRE M. LAGOMARSINO, ESQ. (#6711)
CORY M. FORD, ESQ. (#15042)
3005 W. Horizon Ridge Pkwy, #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
AML@lagomarsinolaw.com
cory@lagomarsinolaw.com
*Attorneys for Plaintiff Jane Doe*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JANE DOE, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>BOYS AND GIRLS CLUBS OF SOUTHERN NEVADA, a domestic corporation; F.P. HOLDINGS, L.P., a domestic limited partnership; SAN MANUEL GAMING AND HOSPITALITY AUTHORITY d/b/a Palms Casino Resort, a governmental instrumentality of the San Manuel Band of Mission Indians;<br><br>Defendants. | CASE NO:<br><br>**COMPLAINT<br>AND JURY DEMAND** |

COMES NOW Plaintiff JANE DOE, by and through her undersigned attorneys of record, ANDRE M. LAGOMARSINO, ESQ. and CORY M. FORD, ESQ. of the law firm of LAGOMARSINO LAW, and hereby alleges as follows:

## JURISDICTION AND VENUE

1.     The Plaintiff now brings this civil action to redress violations of 18 U.S.C. § 1591 under 18 U.S.C. § 1595 and the laws of the State of Nevada. Jurisdiction is conferred by 28 U.S.C. § 1331 and 28 U.S.C. § 1334 (3) and (4). This Court also has supplemental jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367.

2.      Venue in this District is proper under 28 U.S.C. §1391 because all facts pled and all acts and omissions giving rise to this Complaint occurred in Clark County, Nevada in the District of Nevada.

## PARTIES TO THIS ACTION

3.      At all times relevant herein, Plaintiff JANE DOE[1] was, and is, a resident of Clark County, Nevada and the victim of the unlawful actions of the Defendants as described herein. Plaintiff was a minor at all relevant times herein. However, Plaintiff is now over 18 years of age.

4.      At all times relevant herein, Defendant BOYS AND GIRLS CLUB OF SOUTHERN NEVADA ("BGCSN") was, and is, a local chapter of the Boys and Clubs of America and a domestic corporation located at 1608 Moser Drive, Henderson, Nevada 89011. BGCSN provided an after-school youth program to minor school-aged children, including Plaintiff, stating that "child safety is job No. 1."

5.      At all times relevant herein, Defendant F.P. HOLDINGS, L.P. ("Station Casinos") was, and is, a domestic limited partnership, organized and existing by virtue of the Nevada state laws as a duly licensed business entity authorized to conduct business in Nevada. Station Casinos was, and is, a casino entertainment and hospitality provider. From 2016 until 2021, Station Casinos owned and operated the Palms Casino Resort ("the Palms") located at 4321 W. Flamingo Road Las Vegas, Nevada 89103 and was, and is, responsible for the wrongdoing visited upon Plaintiff at the Palms as further described this Complaint.

6.      At all times relevant herein, Defendant SAN MANUEL GAMING AND HOSPITALITY AUTHORITY d/b/a Palms Casino Resort ("San Manuel") was, and is, a governmental instrumentality of the San Manuel Band of Mission Indians, a federally recognized

[1]A motion to proceed in pseudonym has been filed with the Court.

LAGOMARSINO LAW

3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052
Telephone: (702) 383-2864   Facsimile: (702) 383-0065

Indian tribe, doing business in Nevada.  In or around 2021, San Manuel purchased the Palms from Station Casinos and has owned and operated the property since. Upon information and belief, as a result of the acquisition, San Manuel is a successor of Station Casinos liabilities and interests and is responsible for the wrongdoing visited upon Plaintiff at the Palms as further described in this Complaint. Additionally, the Palms is identical to scores of purely commercial casinos across the country, and the vast majority of the Palms' employees and customers are not members of the San Manuel Band of Mission Indians and live off the reservation.

## ALLEGATIONS COMMON TO ALL CLAIMS

7.      Paragraphs 1 through 6 are specifically included and incorporated as though fully set forth herein.

8.      From approxmately 2011 through 2016, Plaintiff JANE DOE was a minor-aged participant who attended and was enrolled in BGCSN's after-school program.

9.      During this time, BGCSN had a policy to release the minor-aged participants in the after-school program to authorized individuals only. Thus, in order for BGCSN's staff to release a minor-aged participant in its after-school program to an individual (other than the parent(s)), each child's parent(s) were required to provide BGCSN with a list of authorized individuals who could pick up their child or children.

10.     While attending BGCSN, JANE DOE became friends with V.M.[2], another minor-aged participant in the after-school program, who she lived near. As a result, JANE DOE's mom authorized V.M.'s mom to pick up JANE DOE and her siblings and V.M.'s mom authorized JANE DOE's mother to pick up V.M. and her brother. As a result, JANE DOE's mom and V.M.'s mom would often trade pick-up duties.

---

[2] V.M. is being identified by her initials because she was also a victim to heinous sexual acts at all relevant times described herein.

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052
Telephone: (702) 383-2864    Facsimile: (702) 383-0065

11.     While JANE DOE's mom only authorized V.M.'s mom to pick up JANE DOE and her siblings, V.M.'s mom also authorized her boyfriend, Dequincy Brass ("Brass"), to pick up V.M. and her brother. However, JANE DOE's mom never authorized Brass to pick up JANE DOE and/or her siblings from BGCSN's after-school program.

12.     Despite this, BGCSN's staff allowed Brass to pick up JANE DOE from its after-school program on multiple occasions. BGCSN never checked Brass's ID nor did its staff review the list of individuals authorized to pick up JANE DOE before releasing her to Brass's custody.

13.     Upon information and belief, JANE DOE and V.M. were picked up from the after-school program by Brass on multiple occasions throughout November and December of 2016.

14.     Upon information and belief, on one of these occasions in November, Brass, who was thirty-three (33) years old at the time, picked up JANE DOE, who was fourteen (14) at the time, from BGCSN and drove her to V.M.'s house wherein he raped her. Specifically, after Brass picked up JANE DOE and drove her to V.M.'s house, JANE DOE was at V.M.'s home watching television in the living room when JANE DOE asked him for water. Brass then gave her a glass of water and JANE DOE drank it. The next thing JANE DOE remembers after having a drink of water is waking up on V.M.'s couch with her shorts disheveled, unbuttoned, and unzipped. JANE DOE felt excruciating pain in her side like period cramps. Upon information and belief, Brass drugged JANE DOE's water and then subsequently raped her.

15.     After this incident, Brass again raped JANE DOE on two (2) other occasions wherein he threatened her life if she told anyone about the rapes.

16.     Specifically, on or about November 19, 2016, Brass raped JANE DOE for the second time. JANE DOE and her family attended "The Convoy of Hope," a church sponsored activity that provided free food and haircuts to individuals. V.M. and her family as well as Brass were also at this event.

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052
Telephone: (702) 383-2864    Facsimile: (702) 383-0065

17.     At the event, JANE DOE's mother's car broke down, so JANE DOE asked her mom if she could go to V.M.'s house and ride with her family instead. JANE DOE's mother agreed. After a while, V.M.'s mom told JANE DOE she had to go home. V.M.'s mom asked Brass to take JANE DOE home. V.M. accompanied them in the car.

18.     Brass, however, did not take JANE DOE home. Instead, he took both minor-aged girls to the Palms where he purchased and booked a hotel room. Brass then brought the minor-aged girls into the Palms, forcibly rushed them through the casino floor without any luggage (telling and forcing them to walk really fast), and then brought them into the hotel elevators upstairs to the hotel room. While this was unfolding, JANE DOE was exhibiting clear signs of distress and was scared of what Brass was going to do to her and V.M.

19.     Once they were inside the room, Brass directed JANE DOE to take her clothes off. JANE DOE did not want to follow Brass instructions and locked herself inside the bathroom with V.M. While inside the bathroom, JANE DOE asked V.M. what was happening. V.M. told JANE DOE to just go along with Brass and things would be okay.

20.     JANE DOE fearfully and reluctantly got out of the bathroom and took her clothes off because she was scared; V.M. did so too. Brass then touched V.M.'s chest, licked her, touched her genitals, and penetrated her with his fingers all in front of JANE DOE. Brass then began touching JANE DOE's genitals and upper body before he turned around and raped V.M. in JANE DOE's presence. He then approached JANE DOE and raped her while he continued his sexual assault of V.M.

21.     After Brass sexually assaulted and raped both girls, they put their clothes on and got ready to leave the hotel.  Before leaving, Brass told both girls he would kill them and hurt their families if they told anyone about what happened. Brass then left the hotel room and the Palms with the two minor-aged girls. JANE DOE left the hotel room crying and was visibly upset leaving the

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052
Telephone: (702) 383-2864     Facsimile: (702) 383-0065

Palms with Brass.

22.     Upon information and belief, Station Casinos had policies and trained its management and staff at the Palms identifying and preventing human sex trafficking, including the sex trafficking of minors.

23.     Moreover, Station Casinos was generally aware of prostitution and sex trafficking at the Palms as they have had a history of such.[3]

24.     After Brass, JANE DOE, and V.M. left the Palms, he dropped JANE DOE off at home. JANE DOE ran to her room and cried. She did not tell her mom or family what happened because she believed Brass would harm her loved ones if she said anything. After she got home, JANE DOE again felt pain in her side; the same pain she felt when she woke up on V.M.'s couch after drinking the water Brass gave her.

25.     Then, in or around December of 2016, Brass raped JANE DOE a third time. Brass sent text messages to JANE DOE and coerced her to meet with him. Brass directed JANE DOE to meet him at "Sunset Castle," a building located near her house. JANE DOE responded to his text stating she did not want to meet him.

26.     Brass responded by threatening to show up at JANE DOE's home if she did not meet him; she complied out of fear he would hurt her or her family. JANE DOE snuck out of her house and walked to "Sunset Castle" where Brass picked her up. Brass then took JANE DOE to another hotel near the Las Vegas strip. Brass directed JANE DOE to take her clothes off, but she said no. Brass got angry and punched her in the face.

27.     After he punched JANE DOE in face, Brass forcibly took her clothes off and pulled his pants down. Brass then raped JANE DOE once again. After he was done raping her, Brass

LAGOMARSINO LAW

3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052
Telephone: (702) 383-2864   Facsimile: (702) 383-0065

---

[3] *See* https://www.reviewjournal.com/crime/sex-crimes/las-vegas-police-arrest-3-suspects-in-sex-trafficking-case/ ; *see also* https://vegasinc.lasvegassun.com/business/legal/2013/jan/11/palms-agrees-pay-1-million-settle-drug-prostitutio/

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052
Telephone: (702) 383-2864   Facsimile: (702) 383-0065

dropped JANE DOE back at the "Sunset Castle." She ran home in a distraught state. JANE DOE's brother saw her come into the house abruptly. He asked if she was okay. JANE DOE told him she was fine because she was petrified of what Brass could do to her brother if he knew what Brass had just done to her.

28.     JANE DOE has experienced serious emotional, mental, and physical pain and suffering as a direct and proximate cause of the events described herein.

29.     JANE DOE presented behavioral changes shortly after she was raped. On or about January 2017, merely months after she was repeatedly raped by Brass, JANE DOE was admitted to a mental health facility due to suicidal ideation. JANE DOE was yet again admitted to the same clinic in March 2017 as she continued to present suicidal ideation and depressive moods.

30.     JANE DOE was referred to a different clinic in April 2017. Professionals thought it was best for her to attend a clinic where she could receive long-term care. She spent two months at this facility.

31.     On or about November 2017 JANE DOE attempted suicide as she tried to overdose by taking her mother's prescription pills. She was admitted to a mental health clinic (for the fifth time) to help her with her suicidal ideation, aggression, and behavioral challenges.

32.     JANE DOE's educational experience was also severely affected after Brass raped her. Because JANE DOE was in and out of treatment throughout her high school, she failed to form relationships with her peers and more importantly, could not focus on her education when her health took priority.

33.     JANE DOE's grades plummeted after she was abused. JANE DOE had always passed her classes, but she failed a class and obtained mainly "D" grades during that school year. JANE DOE was removed from traditional schooling and ultimately completed her education in an online only program.

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052
Telephone: (702) 383-2864   Facsimile: (702) 383-0065

34.     As a direct and proximate result of the wrongful conduct of the Defendants, Plaintiff suffered, and continues to suffer, serious physical, mental, and emotional injuries to her person, all of which caused her physical and emotional suffering.

35.     As a direct and proximate result of the wrongful conduct of the Defendants, Plaintiff suffered, and continues to suffer, serious psychological injury.

## THE BOYS AND GIRLS CLUB HAS A HISTORY OF PLACING CHILDREN IN VULNERABLE POSITIONS THAT LEAD TO HARM AND ABUSE

36.     BGCSN claims child safety is a top priority of their organization stating that its Nevada chapter "continually updates robust safety policies, programs and training for our staff and volunteers that are designed to promote child safety and protect young people from threats that are present in our society."

37.     However, the Boys and Girls Club of America and its local chapters, including BGCSN, have a long history and pattern of allowing children under their supervision to be sexually abused.  Various Boys and Girls Club Chapters have faced lawsuits throughout the country for the sexual assault of minors, on and off-site, by mentors and volunteers.

38.     A New York chapter of The Boys and Girls Club was subject to a civil lawsuit after a doctor that volunteered, and later worked for the club, sexually abused children attending the club in the 1940's. *C.M. v. Estate of Archibald*, 20-CV-751 (VSB), 2022 WL 1030123, at *1 (S.D.N.Y. Apr. 6, 2022). The club required all boys to get a medical exam before they could use its swimming pool. *Id*. One of the club's participants was examined by the doctor while attending the club. During his exam, the doctor asked the boy to fully undress, took pictures of him naked, and molested him.

39.     The club allowed the doctor to remain alone in a room with the boy long enough for him to molest him. The club then referred the boy to the doctor's off-site clinic where he was molested *again*.

40.     A Connecticut chapter of The Boys and Girls Club faced civil action for negligent

supervision after a child was sexually assaulted during a field trip to New York. *WCVAWCK-Doe v. Boys & Girls Club of Greenwich, Inc.*, 188 N.Y.S.3d 98, 103 (App. Div. 2023). The Plaintiff was about 14 years old when he traveled to New York with his Chapter of the club. While on the trip, another club member sexually and physically abused the plaintiff; this was not the first time the plaintiff was abused by this individual.

41.     Another Boys and Girls Club chapter located in Tennessee was sued after a mentor abused a child. The Tennessee Club operated a mentorship program in partnership with a "Big Brothers Big Sisters" club. *Ms. B. v. Boys & Girls Club of Middle Tennessee*, M2013-00812-COA-R3CV, 2014 WL 890892, at *1 (Tenn. Ct. App. Mar. 6, 2014). When the child's mother signed him up for the mentorship program, she was assured all program-related activities would take place on-site. Yet the club allowed the perpetrator to take the child from its premises to his house. The perpetrator sexually abused the child from 2009 to 2010.

42.     Another New Jersey chapter is facing legal action after a counselor employed by the club allegedly assaulted two (2) children during club activities and inside his apartment. *E.R. v. The Boys & Girls Club of Hudson Cty.*, No. L-001442-22 (N.J. Super. Ct. Law Div. May 03, 2022).

43.     A civil suit was also filed against The Boys and Girls Club of the Muskegon Lakeshore in Michigan on March 23, 2023. The complaint alleges a "youth safety advocate" of the above-mentioned club raped a minor several times while she attended the club's activities. *Jane Doe v. Lorenzo Ladale Murray*, et al., No. 1:23-cv-00275-JMB-SJB ECF No. 1.

44.     A California-based club has also been sued for the sexual abuse of children. The Plaintiff alleges a Boys and Girls Club coach sexually abused him for years while she was a member of the club. *John Doe v. Boys and Girls Club of San Fernando Valley, et al.*, Docket No. 23BBCV00792 (Cal. Super. Ct. Apr 12, 2023). The abuse took place in the club's bathroom and inside the defendant's car. The child even stopped attending the club for a month to spend time at the

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052
Telephone: (702) 383-2864   Facsimile: (702) 383-0065

coach's garage instead; the club did not inform the child's mother of his absence as she was unaware of this.

45.     Moreover, previous employees and volunteers of different chapters of the Boys and Girls Club have faced criminal charges for assaulting children they met through these clubs.

46.     The state of Tennessee charged and convicted a former employee of the local chapter of the Boys and Girls with one count of aggravated sexual battery and three counts of rape of a child. *State v. Arnold*, M2014-00075-CCA-R3CD, 2015 WL 99272, at *1 (Tenn. Crim. App. Jan. 7, 2015). The employee was a mentor for a Boys and Girls Club program called Big Brothers Big Sisters. He was paired up with a minor child and they did activities together on and off-site. Once the mentor and child began meeting off-site, the mentor started abusing the child at his house. The mentor molested a raped the child several times coercing him to keep the abuse a secret.

47.     An Oregon employee of the local Boys and Girls Club, too, was convicted for abusing a child attending the club. The employee, who worked with at risk youth, spent an inordinate amount of time with the 13-year-old child outside the club – including overnight trips. *State v. Rodriguez*, 347 Pr. 46, 50-51 (2009). Although this conduct was both in violation of the club's rules and noticed by those around the employee and the child, the club did not inform the authorities until the employee's behavior escalated. Other staff members observed the employee press the child's head against her breasts while she caressed his face and stroked his hair. The employee was then charged and sentenced for first-degree sexual abuse.

## **FIRST CAUSE OF ACTION**

### NEGLIGENT TRAINING, AND SUPERVISION

*Against Defendant BGCSN*

48.     Plaintiff repeats, re-alleges, and incorporates herein by reference Paragraphs 1 through 47, as though fully set forth herein.

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052
Telephone: (702) 383-2864   Facsimile: (702) 383-0065

49.     BGCSN had a duty in the training and supervision of its employees, including staff members who worked in the after-school program.

50.     BGCSN breached that duty by inadequately training and supervising its employees.

51.     BGCSN failed to train its employees in the proper supervision of its minor-aged participants enrolled in its after-school program, including supervising the release of minor-aged participants to authorized individuals. This failure enabled Brass to pick up JANE DOE from the after-school program at BGCSN without having permission/authorization on multiple occasions which allowed him to groom her, and, on one occasion, take JANE DOE to V.M.'s house where he drugged and raped her. Brass on two (2) separate occasions thereafter again raped JANE DOE.

52.     Given that Brass was not an authorized individual to pick JANE DOE up from BGCSN, BGCSN employees knew, or had reason to know, that Brass should not have been allowed to pick up JANE DOE from its after-school program.

53.     BGCSN failed to do any combination of the following: properly train, supervise, and oversee it staff members to such an extent that JANE DOE was allowed to be picked up by Brass, an unauthorized individual, which resulted in her becoming a repeated victim of rape.

54.     As a direct and proximate result of BGCSN's breaches, JANE DOE suffered, and continues to suffer, serious physical, mental, and emotional injuries to her persons, all of which cause her physical, mental, and emotional pain and suffering. As a further direct and proximate result of BGCSN's breaches, JANE DOE suffered, and continues to suffer, serious psychological injuries.

55.     JANE DOE suffered, and continues to suffer, compensatory damages for physical, mental, and emotional pain and suffering in an amount well in excess of $15,000.00.

56.     The conduct of Defendant was willful, intentional, oppressive, malicious (impliedly or expressly), and done in wanton, conscious, and reckless disregard for the rights of the Plaintiff, thereby warranting the imposition of punitive damages well in excess of $15,000.00.

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052
Telephone: (702) 383-2864   Facsimile: (702) 383-0065

57.     Plaintiff has been required to retain an attorney to prosecute this matter and is entitled to an award of reasonable attorney's fees and costs incurred herein.

### SECOND CAUSE OF ACTION

NEGLIGENCE

*Against Defendant BGCSN*

58.     Plaintiff repeats, re-alleges, and incorporates herein by reference Paragraphs 1 through 57, as though fully set forth herein.

59.     BGCSN had a duty to keep minor-aged participants enrolled in its after-school program reasonably safe while under their care, including Plaintiff JANE DOE. This duty included releasing minor-aged participants in its after-school program to individuals that were authorized by each participant's parent(s) to pick their child or children.

60.     BGCSN, through its staff members, breached this duty when it allowed Brass, an unauthorized adult, to pick up JANE DOE from its after-school program on multiple occasions. JANE DOE never granted authorization to BGCSN to allow Brass to pick up JANE DOE.

61.     BGCSN knew, or should have known, that releasing a minor-aged participant in its after-school program, including JANE DOE, to an individual who was not unauthorized by the participant's parent(s) could result in its participants being groomed, sexually assaulted, and/or raped.

62.     As a direct and proximate result of BGCSN's breaches, JANE DOE suffered, and continues to suffer, serious physical, mental, and emotional injuries to her persons, all of which cause her physical, mental, and emotional pain and suffering. As a further direct and proximate result of BGCSN's breaches, JANE DOE suffered, and continues to suffer, serious psychological injuries.

63.     JANE DOE suffered, and continues to suffer, compensatory damages for physical, mental, and emotional pain and suffering in an amount well in excess of $15,000.00.

64.     The conduct of Defendant was willful, intentional, oppressive, malicious (impliedly

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052
Telephone: (702) 383-2864   Facsimile: (702) 383-0065

or expressly), and done in wanton, conscious, and reckless disregard for the rights of the Plaintiff, thereby warranting the imposition of punitive damages well in excess of $15,000.00.

65.     Plaintiff has been required to retain an attorney to prosecute this matter and is entitled to an award of reasonable attorney's fees and costs incurred herein.

### THIRD CAUSE OF ACTION

NEGLIGENCE

*Against Defendants Station Casinos and San Manuel*

66.     Plaintiff repeats, re-alleges, and incorporates herein by reference Paragraphs 1 through 65, as though fully set forth herein.

67.     Brass took JANE DOE and V.M. to the Palms where he had purchased and booked a hotel room. Brass then brought the minor-aged girls into the Palms' common areas of the hotel before taking them upstairs to the hotel room he rented. No security officers or staff intervened to prevent JANE DOE and V.M. from going up to the room with Brass before he ultimately raped them.

68.     Station Casinos was under a duty to keep individuals on its premises safe from sexual assault or other threatening behavior constituting a foreseeable threat to JANE DOE.

69.     Station Casinos breached that duty when it failed to take steps to reasonably protect JANE DOE from foreseeable harm from third persons on the premises of the Palms.

70.     In or around 2021, San Manuel purchased the Palms from Station Casinos and has owned and operated the property since. As a result of the acquisition, San Manuel became liable for the actions of Station Casinos and its employees and agents who were acting within the course and scope of their employment and agency at all relevant times.

71.     As a direct, legal, and proximate cause of Defendants' breaches, and each of them, JANE DOE has suffered past and future medical expenses and pain and suffering well in excess of $15,000.00.

**LAGOMARSINO LAW**
3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052
Telephone: (702) 383-2864   Facsimile: (702) 383-0065

72.     The conduct of Defendants was willful, intentional, oppressive, malicious (impliedly or expressly), and done in wanton, conscious, and reckless disregard for the rights of the Plaintiff, thereby warranting the imposition of punitive damages in excess of $15,000.00.

73.     Plaintiff has been required to retain an attorney to prosecute this matter and is entitled to an award of reasonable attorney's fees and costs incurred herein.

### FOURTH CAUSE OF ACTION

VIOLATION OF THE TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT ("TVPRA") OF 2008 UNDER U.S.C. § 1595

*Against Defendants Station Casinos and San Manuel*

74.     Plaintiff repeats, re-alleges, and incorporates herein by reference Paragraphs 1 through 73, as though fully set forth herein.

75.     18 U.S.C. § 1595 of the TVPRA provides civil remedies for violations of 18 U.S.C. § 1591 (sex trafficking of children) to child victims of sex trafficking against the perpetrator (or whoever knowingly benefited, financially or by receiving anything of value from participation in a venture which person knew or should have known has engaged in an act in violation of this chapter.)

76.     Station Casinos, as operator of hotel and casino, knowingly received a financial benefit from its relationship with Brass by renting a hotel room at the Palms to Brass for money.

77.     Station Casinos also participated in the venture of sex trafficking of minors as it knew or should have known Brass engaged in sex trafficking based on known signs of trafficking. Specifically, he forcibly took and rushed JANE DOE and V.M., two unaccompanied minor-aged girls, into the Palms. He then rushed the two girls through the casino floor without luggage (telling and forcing the girls to walk really fast) before heading into the hotel elevators and taking them to the hotel room he rented wherein he raped them and then proceeded to leave the hotel with them immediately after.

78.     Additionally, both before and after the hotel room incident wherein JANE DOE was

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052
Telephone: (702) 383-2864   Facsimile: (702) 383-0065

raped alongside V.M., JANE DOE showed signs of distress as she was fearful, scared, and visibly upset of what Brass was going to do, and did do, to her.

79.     Upon information and belief, Station Casinos also had policies and trained its management and staff at the Palms in identifying and preventing human sex trafficking, including the sex trafficking of minors.

80.     Station Casinos itself was also generally aware of prostitution and sex trafficking at the Palms as they have had a history of such behavior and must have been aware that sex trafficking was taking place at the Palms.

81.     In or around 2021, San Manuel purchased the Palms from Station Casinos and has owned and operated the property since. As a result of the acquisition, San Manuel became liable for the actions of Station Casinos and its employees and agents who were acting within the course and scope of their employment and agency at all relevant times.

82.     18 U.S.C. § 1595 also provides in part, that victims may recover damages and reasonable attorney's fees.

83.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered, and continues to suffer, serious physical, mental, and emotional injuries to her person. Those injuries caused her physical, mental, and emotional pain and suffering. Plaintiff's compensatory damages for these injuries and pain and suffering are in an amount that well exceeds $15,000.00.

84.     The conduct of Defendants was willful, intentional, oppressive, malicious (impliedly or expressly), and done in wanton, conscious, and reckless disregard for the rights of the Plaintiff, thereby warrant the imposition of punitive damages in excess of $15,000.00.

85.     Plaintiff has been required to retain an attorney to prosecute this matter and is entitled to an award of reasonable attorney's fees pursuant to 18 U.S.C. § 1595.

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052
Telephone: (702) 383-2864    Facsimile: (702) 383-0065

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgement for Plaintiff, and against Defendants, as follows:

1.  For judgment in favor of Plaintiff on all counts;

2   For compensatory damages for injuries and pain and suffering in excess of $15,000.00;

3.  For punitive damages in excess of $15,000.00;

4.  For costs, interest, and attorney's fees incurred in prosecuting this action; and

5.  For any other relief that the Court may deem just and proper.

DATED this 30th day of July 2023.

**LAGOMARSINO LAW**

ANDRE M. LAGOMARSINO, ESQ. (#6711)
CORY M. FORD, ESQ. (#15042)
3005 W. Horizon Ridge Pkwy, #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
*Attorneys for Plaintiff Jane Doe*

**JURY DEMAND**

PLEASE TAKE NOTICE that Plaintiff, by and through her undersigned attorneys, hereby demands a jury trial of all issues in the above-referenced matter.

DATED this 30th day of July 2023.

**LAGOMARSINO LAW**

ANDRE M. LAGOMARSINO, ESQ. (#6711)
CORY M. FORD, ESQ. (#15042)
3005 W. Horizon Ridge Pkwy, #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
*Attorneys for Plaintiff Jane Doe*

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Las Vegas, Nevada 89052   Facsimile: (702) 383-0065
Telephone: (702) 383-2864