# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>BOYS and GIRLS CLUB OF SOUTHERN NEVADA, *et al.*,<br><br>        Defendants. | Case No. 2:23-cv-01202-RFB-BNW<br><br>**ORDER on Motion to Strike ECF No. 10** |

Pending before the Court is Defendant Boys and Girls Club of Southern Nevada's Motion to Strike paragraphs 36 through 47 of the Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. ECF No. 10. Plaintiff filed a response in opposition (ECF No. 14) to which Defendant replied (ECF No. 19). For the reasons discussed more fully below, the motion to strike is denied.

Defendant argues paragraphs 36 to 47 are not material to the claims against BGCSN. It argues that (1) paragraphs 38-44 describe mere allegations against *other* Boys and Girls Clubs (not the one which is the subject of the complaint), (2) paragraph 45 alleges that employees and volunteers of *different* Boys and Girls Cubs have faced criminal charges for assaulting children they met through these clubs, and (3) paragraphs 46 and 47 describe criminal convictions against two former employees of Boys and Girls Clubs in *Oregon and Tennessee*. The argument in support of striking these paragraphs is that mere *allegations* and incidents involving *other* organizations are not material to the instant claims.[1] Defendant also argues, without much detail, that not striking these paragraphs would have a prejudicial effect on Defendant.

Plaintiff's Opposition argues that (1) the paragraphs in question are relevant to the negligence claims as they tend to show knowledge or notice given the alleged incidents at the

---

[1] While Defendant defines what constitutes "impertinent" and "scandalous" matters under Rule 12(f), it does not provide any arguments in support of such contentions.

other chapters and (2) the conclusory nature of Defendant's Motion is insufficient for it to meet its burden.

Defendant's Reply reiterates many of the same arguments made in its moving papers and takes issue with Plaintiff's position that the paragraphs in question are relevant to the negligence claims.[2] Specifically, it argues that the paragraphs in question relate to allegations made *after* the alleged negligence in this case and thus could not be relevant to knowledge or notice.

**Analysis**

Rule 12(f) provides that courts may strike from a pleading matter that is redundant, immaterial, impertinent, or scandalous. Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010). A motion to strike material from a pleading is "heavily disfavored." *Edwards v. Juan Martinez, Inc.*, 506 F. Supp. 3d 1061, 1077 (D. Nev. 2020). Courts will not grant a motion to strike "unless it is clear that the matter to be stricken could not have any possible bearing on the subject matter of the litigation." *In re Facebook PPC Advertising Litig.*, 709 F. Supp. 2d 762, 773 (N.D. Cal. 2010). "[I]f there is any doubt as to whether under any contingency the matter may raise an issue, the motion may be denied." *G.K. Las Vegas Ltd. P'ship v. Simon Prop. Grp., Inc.*, 460 F. Supp. 2d 1222, 1234 (D. Nev. 2006) (quoting 2A MOORE'S FEDERAL PRACTICE, ¶ 12-207). Additionally, courts view the pleadings in the light most favorable to the nonmovant. *Cal. Dept. of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). Lastly, the burden of persuasion facing a movant has been described as a "substantial" burden. *Hardy v. Lewis Gale Med. Ctr., LLC*, 377 F. Supp. 3d 596, 605 (W.D. Va. 2019).

---

[2] Defendant attempts to expand the argument that the paragraphs in question are not relevant as the instant claim alleges acts by a third party (as opposed to BGCSN employees). These arguments should have been developed in their moving papers. The Court will not consider new matters developed for the first time in a Reply. "[I]t is improper for a party to raise a new argument in a reply brief." *United States v. Boyce*, 148 F.Supp.2d 1069, 1085 (S.D.Cal.2001) *aff'd*, 36 F. App'x 612 (9th Cir.2002) (*citing United States v. Bohn*, 956 F.2d 208, 209 (9th Cir.1992) (other citations omitted). Thus, the Court need not consider the argument. *See e.g*, *Avery v. Barsky*, No. 3:12-CV-00652-MMD, 2013 WL 1663612 (D. Nev. Apr. 17, 2013).

First, the fact that the paragraphs in question relate to *other* organizations does not make them irrelevant. Instead, the impact such information may have on this case may be diminished (or extinguished) based on the organizational structure between the different clubs and the duties that may or may not exist to communicate between them. In this same vein, the fact that the paragraphs in question contain mere allegations does not mean that they are not relevant—it simply means that their veracity must still be proved. Lastly, even if the allegations contained in the paragraphs in question were made *after* the alleged acts in this Complaint does not necessarily mean that *the acts giving rise to such allegations* took place *after* the acts in this complaint. As a result, Defendant has not met its burden to show that the paragraphs contain immaterial information under Rule 12(f). For the reasons discussed, this Court will deny the motion. In addition, this Court opts not to exercise its inherent powers.

**Conclusion**

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike (ECF No. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that the hearing on the motion set for Wednesday, October 18, 2023, is **VACATED**.

DATED: October 13, 2023.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE