1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Jane Doe,

                  Plaintiff,

      v.

Boys and Girls Clubs of Southern Nevada, et al.,

                 Defendants.

Case No. 2:23-cv-01202-RFB-BNW

**ORDER**

Before this Court is Plaintiff's Motion to Amend. ECF No. 63. Defendant F.P. Holdings, L.P. opposed at ECF No. 65, and Plaintiff replied at ECF No. 66. Because Plaintiff has shown good cause and excusable neglect to amend past the deadline, and because Defendant failed to show that amendment should be denied, this Court grants Plaintiff's motion.

**I.    BACKGROUND**

    **A.  Relevant Facts**

This case stems from the alleged assault of a minor. Plaintiff Jane Doe attended an after-school program for minor school-aged children that was run by the Boys and Girls Club of Southern Nevada ("Boys and Girls Club"). ECF No. 1 ¶ 8. While attending the program, Plaintiff became friends with V.M. *Id.* ¶ 10. Plaintiff's mom and V.M.'s mom authorized each other to pick up their daughters from the program. *Id.* However, V.M.'s mom's boyfriend, Dequincy Brass, was not authorized to pick up Plaintiff from the program. *Id.* ¶ 11. In her original complaint, Plaintiff alleges that Mr. Brass would pick her up from the after-school program and take her to various locations, including the Palms hotel, where he would assault her. *Id.* ¶¶ 14–27. Plaintiff alleges this occurred in November and December of 2016, when she was around 14-years old. *Id.* ¶ 13.

1    Mr. Brass is facing criminal charges in Nevada state court. *See State of Nevada v.*

2    *Dequincy Brass*, Case No. C-18-329765-1. Plaintiff's testimony at Mr. Brass's criminal trial on

3    February 26, 2020, was that the assault occurred at the Palm or Palms. ECF No. 64-3 at 108:2–8.

4    In late July of 2023, Plaintiff brought this negligence case[1] against the Boys and Girls

5    Club and entities associated with the Palms Casino Resort ("the Palms"). ECF No. 1. She alleges

6    that the Boys and Girls Club was negligent and failed to adequately train and supervise its

7    employees such that Mr. Brass was allowed to pick up Plaintiff from the after-school program

8    even though he was not authorized to do so. *Id.* ¶¶ 48–57. Plaintiff further alleges that Defendants

9    F.P. Holdings, L.P. (owner and operator of the Palms during 2016) and San Manuel Gaming and

10   Hospitality Authority d/b/a Palms Casino Resort[2] were negligent by failing to take steps to

11   reasonably protect Plaintiff from foreseeable harm from third persons at the Palms. *Id.* ¶¶ 66–73.

12       **B.  Procedural History**

13   Discovery commenced in late September of 2023. ECF No. 18. The parties have

14   stipulated to extend discovery numerous times, primarily due to Mr. Brass's underlying criminal

15   proceedings. *See* ECF Nos. 27, 35, 43, 49, 53. This Court has granted those requests. ECF Nos.

16   28, 36 44, 50, 55. Relevant here, the deadline to amend pleadings and add parties closed on

17   January 27, 2025. ECF No. 55. Discovery is set to close on August 13, 2025. *Id.*

18   On November 15, 2024, defense counsel deposed Plaintiff. ECF No. 64-2 at 2. During the

19   deposition, Plaintiff testified that the assault happened at the Palms but was not entirely certain:

20       Q: Okay. Where was the second place that Mr. Brass sexually assaulted you?

21       A: It was at the Palms, I believe. Well, hotel, he took us to a hotel."

22   *Id.* at 42:14–17. Because Plaintiff could not state with complete certainty that the assault

23   happened at the Palms, her counsel sought to depose V.M. ECF No. 63 at 5.

24

25   [1] Plaintiff also alleged a violation of the trafficking victims protection reauthorization act
     ("TVPRA") against the Palms defendants. ECF No. 1 at 14.  The district judge assigned to this
26   case dismissed the TVPRA claim with leave to amend. ECF No. 48. But Plaintiff does not seek to
     re-allege this claim in her proposed amended complaint. ECF No. 63-12 (proposed amended
27   complaint).

28   [2]  The parties have since stipulated to dismiss this defendant from the case. ECF No. 22.

1    Plaintiff's counsel obtained V.M.'s contact information four days later to schedule her

2    deposition. ECF No. 64-1 at ¶ 3. Between December 2, 2024, and January 24, 2024, Plaintiff's

3    counsel attempted to contact V.M. numerous times to schedule the deposition. *Id.* at ¶¶ 4–9.

4    Plaintiff's counsel finally scheduled it on January 27, 2024. *Id.* ¶ 10.

5        On February 24, 2025, defense counsel took the videotaped deposition of V.M. ECF No.

6    64-6. V.M. testified that she believed Mr. Brass took her and Plaintiff to Palms Place, which is a

7    hotel located next to the Palms.

8        Q: Do you know when I deposed [Plaintiff] she indicated that there were two Palms hotels
         that she had gone to with Mr. Brass. Do you know of two different Palms hotels?

9        A: Yes, sir. There's one – there's The Palms Place and then there's Palms. I believe
10       they're like right next to each other, I believe.

11       Q: Okay. Which one did you go into with Mr. Brass and [Plaintiff]?

12       A: I'm trying to remember. I don't remember which specific one it was, but it was one for
         sure. And then because they look different on the inside. Could have been Palms Place. I
         think it may have been Palms Place, sir.
13
         Q: Okay. A: I believe so. . . . Q: And as you sit here today, you don't know which one you
14       were in; is that correct?

15       A: Yeah. I believe it was the other one, The Palms Place.

16   ECF No. 64-6 at 64:2–17, 90:3–6. On March 6, 2025, defense counsel took the videotaped

17   deposition of Plaintiff's mother.

18       Q: Ma'am, do you have any knowledge of your daughter going to the Palms hotel and
         casino with Dequincy Brass?
19
         A: Yes, I was told that. And they took her phone, and the police during the trial -- it
20       should be in the testimony -- and they tracked all three of their phones to the Palms."

21   ECF No. 64-5 at 60:2–8.

22       About seven weeks later, Plaintiff filed her first motion for leave to amend. ECF No. 59.

23   She seeks leave to amend to: add facts relating to the Palms or Palms Place; add PPII Holdings,

24   LLC (company that operates Palms Place) and Palms Place, LLC (company that owns Palms

25   Place property) as defendants; and add facts about Defendant F.P. Holdings' liability as to Palms

26

27

28

Place, including facts about an alter-ego relationship with PPII Holdings.[3] ECF No. 63 at 2. This Court denied that motion without prejudice because Plaintiff filed her motion after the deadline to amend pleadings had closed and did not address excusable neglect. ECF No. 62. Plaintiff re-filed her motion on May 29, 2025. ECF No. 63.

### C. Parties' Arguments

Plaintiff argues that good cause exists under Rule 16(b) to reopen the amendment period because the proposed amendments are based on newly discovered evidence that the assault may have occurred at Palms Place, not Palms. ECF No. 63 at 11. Plaintiff further argues that excusable neglect exists because the reason for filing past the deadline was due to new evidence, there was no undue delay between discovering the new information and moving to amend, the prejudice to Defendant is minimal as discovery is still open, and Plaintiff acted in good faith. *Id.* at 11–14. Additionally, Plaintiff contends that amendment is not futile because the proposed complaint sets forth sufficient facts. *Id.* at 14–17.

Defendant responds that good cause does not exist because this is not new evidence. ECF No. 65 at 5. It contends Plaintiff's counsel should have discovered this information earlier as V.M. was listed as a witness on its initial disclosures. *Id.* As to excusable neglect, Defendant argues it will be prejudiced by having to essentially start discovery over again, like retaining a new expert to opine on security at Palms Place or defending against the new alter-ego theory of liability. *Id.* at 9–10. Defendant further argues that the length of delay is significant, there is no good reason for delay because Plaintiff should have discovered this information earlier, and Plaintiff is not acting in good faith as she is trying to start a new case against a new defendant. *Id.* at 10–11. Finally, Defendant argues that amendment is futile because her negligence claim against PPII Holdings is time barred and her amended pleadings do not meet the plausibility standard under Rule 12(b)(6). *Id.* at 12–14.

---

[3] Plaintiff also seeks leave to amend the caption, remove Defendant San Manuel Gaming Authority d/b/a Palms Casino Resort, and remove the TVPRA claim. ECF No. 63 at 2 n.1.

1     In her reply, Plaintiff argues that Defendant has not met its burden to establish prejudice

2     because discovery would not start over since the nature of the case—a negligence action based on

3     inadequate security measures at the Palms' properties—remains the same. ECF No. 66 at 4.

4     Plaintiff further argues that, based on recent testimony from the security manager and hotel

5     manager of the Palms, the same security measures applied to both Palms and Palms Place. *Id.*;

6     ECF Nos. 66-1 and 66-2. Plaintiff maintains that V.M.'s deposition was undoubtedly the first

7     time throughout discovery that the parties learned the assault may have occurred at Palms Place,

8     and that she diligently sought amendment after the deposition. *Id.* at 6. As to futility, Plaintiff

9     argues that her negligence claim against PPII Holdings is not time barred under Rule 15's

10    relation-back doctrine and that she has adequately pled that the assault occurred at either the

11    Palms or Palms Place. *Id.* at 10–11.

12    **II.    DISCUSSION**

13     When a party moves to amend the pleadings after the expiration of the deadline

14    established in the scheduling order, courts review the request through a two-step process. First,

15    courts resolve the motion to amend the scheduling order, which is governed by the "good cause"

16    standard outlined in Rule 16(b) of the Federal Rules of Civil Procedure. *See, e.g.*, *Johnson v.*

17    *Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). "Rule 16(b)'s 'good cause'

18    standard primarily considers the diligence of the party seeking the amendment." *Id*. at 609. Courts

19    look to whether the deadline set in the scheduling order "cannot reasonably be met despite the

20    diligence of the party seeking the amendment." *Id*. The party seeking amendment bears the

21    burden of establishing diligence. *See, e.g.*, *Morgal v. Maricopa County Bd. Of Sup'rs*, 284 F.R.D.

22    452, 460 (D. Ariz. 2012). "District courts within the Ninth Circuit generally find discovery of

23    new evidence sufficient to satisfy the 'good cause' standard." *Ahtna Design-Build, Inc. v. Asphalt*

24    *Surfacing, Inc.*, No. 3:21-CV-00228-JMK, 2024 WL 473615, at *6 (D. Alaska Feb. 7, 2024)

25    (collecting cases).

26     In addition to showing good cause, plaintiffs must also establish that their failure to act

27    was the result of excusable neglect. *See Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d

28    751, 764–65 (9th Cir. 2017); *see also* Local Rule 26-3. Courts consider at least four factors in

1  determining whether neglect is excusable: (1) the danger of prejudice to the opposing party; (2)

2  the length of the delay and its potential impact on the proceedings; (3) the reason for the delay;

3  and (4) whether the movant acted in good faith. *Branch Banking*, 871 F.3d at 765. The

4  determination of whether neglect is excusable is ultimately an equitable one, taking account of all

5  relevant circumstances surrounding the party's omission. *See Pioneer Inv. Servs. Co. v.*

6  *Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993). This equitable determination is left to

7  the discretion of the district court. *See Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

8      If the movant has established good cause and excusable neglect, courts will then examine

9  whether amendment is proper under Rule 15. Fed. R. Civ. P. 15(a). The court should freely give

10  leave when justice so requires." *Id*. "The court considers five factors [under Rule 15] in assessing

11  the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility

12  of amendment, and whether the plaintiff has previously amended the complaint." *United States v.*

13  *Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). "The standard for granting leave to amend

14  is generous." *Id.* "The party opposing the amendment bears the burden of showing why leave

15  should be denied, including the burden of establishing prejudice." *Underwood v. O'Reilly Auto*

16  *Enterprises, LLC*, 342 F.R.D. 338, 343 (D. Nev. 2022) (internal citations omitted).

17      **A. Plaintiff has shown good cause under Rule 16.**

18      Here, Plaintiff has shown good cause to amend the scheduling order. She has shown that

19  the parties discovered new evidence at V.M.'s deposition that the alleged assaults occurred at

20  Palms Place, not the Palms. *See* ECF No. 63 at 5. Prior to this deposition, evidence pointed to the

21  Palms. For example, Plaintiff testified at Mr. Brass's criminal trial that he took her to the Palms

22  or the Palm, and that she remembers telling police it was the Palms. ECF No. 64-3 at 108:2–8.

23  Plaintiff further testified at her deposition that she believed the assault happened at the Palms.

24  ECF No. 64-2 at 42:14–17. However, because Plaintiff could not state that it was the Palms (or

25  some other hotel) with absolute certainty, her counsel diligently began to arrange for the

26  deposition of her friend, V.M. ECF No. 64-1 at ¶¶ 4–10. It was not until V.M.'s deposition in late

27  February of 2025 that the parties learned the assault may have occurred at the Palms Place. ECF

28  No. 64-6 at 90:3–6 ("Yeah. I believe it was the other one, The Palms Place.). Plaintiff moved to

1    amend approximately seven weeks after discovering this new information. ECF No. 59. She

2    could not have met the deadline to amend (January 27, 2025) despite her diligence because she

3    did not learn about the new information until V.M.'s deposition (which took place on February

4    24, 2025). This Court now considers excusable neglect.

5          **B.  Plaintiff has shown excusable neglect under Local Rule 26-3.**

6          After careful consideration of all relevant factors, (including prejudice, length of delay,

7    reason for delay, and good faith), this Court concludes that Plaintiff's requested amendment is

8    supported by excusable neglect. *See Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507

9    U.S. 380, 395 (1993). First, prejudice is minimal. Defendant's concerns that it would need to start

10   discovery over again, like scrapping its expert report on the Palms' security measures, are not

11   supported. As Plaintiff explains, the nature of the case—a negligence action due to alleged

12   inadequate security measures at the Palms properties—remains the same. Moreover, based on

13   Plaintiff's assertions, it appears that the same security staff, efforts, protocols, and measures

14   applied to both properties at the time of the subject assault. ECF No. 66 at 4. She supports her

15   position with three exhibits. ECF No. 66-1 (Deposition of Joseph D'Amico); ECF No. 66-2

16   (Deposition of Jason Gillian); ECF No. 66-3 (incident reports). In addition, Defendant F.P.

17   Holdings is a managing member of PPII Holdings, which suggests the two entities are connected

18   with respect to operational control of the Palms and Palms Place. *See* ECF No. 65 at 2. While

19   some additional discovery as to the Palms Place may be needed, discovery is still open, no

20   dispositive motions are pending, and no trial date has been set.

21         Second, the length of delay is not long. Plaintiff brought her first motion to amend 51 days

22   (or seven weeks) after discovering the new evidence in V.M.'s deposition. Relying on *Parker v.*

23   *Joe Lujan Enters., Inc.*, Defendant argues that the Ninth Circuit has found a five-week delay

24   beyond a deadline to be unacceptable. 848 F.2d 118, 121 (9th Cir. 1988). But *Parker* is

25   distinguishable.

26         In *Parker*, the plaintiff initially claimed that he was injured by winch equipment because

27   the winch operator was negligent. *Id.* About one year later, he sought to amend his complaint to

28   allege that the winch equipment was defective. The plaintiff's supervisor told him about the

purported defect in the winch equipment more than a year before the plaintiff filed his original complaint and over two years before he moved to amend. To justify this delay, the plaintiff stated that he did not understand what his supervisor told him about the winch equipment being defective or he forgot. The district court denied the motion to amend, in part, because the plaintiff failed to justify the delay in seeking leave to amend the complaint. The Ninth Circuit upheld this decision: "[I]it was within the trial court's discretion to disregard [the plaintiff's] unsupported statements and to deny the motion."

Defendant's proposition that five weeks constitutes too long of a delay is based on one sentence in the Ninth Circuit's reasoning: "Even when [the plaintiff's] counsel was informed of this 'new' information [the winch being defective] . . . he still waited five weeks before filing his motion to amend." But cherry picking this one sentence to find that Plaintiff in this case should be treated like the plaintiff in *Parker* ignores that, in *Parker*, the plaintiff waited over two years between learning of new information and moving to amend with no adequate justification for doing so. This is not the case here, in which the parties did not discover the new information until seven weeks before moving to amend.

Third, the reason for delay is compelling. Plaintiff delayed in moving to amend because she discovered new evidence at V.M.'s deposition after the amendment deadline. Defendant argues that Plaintiff should have discovered this evidence much sooner because V.M. was listed on Plaintiff's initial disclosures, but this Court disagrees. As discussed above, the evidence before V.M.'s deposition pointed to the Palms. Plaintiff's counsel had no reason to inquire further until Plaintiff testified at her deposition, in November of 2024, that she was not one hundred percent certain that the assault occurred at the Palms. Following this testimony, Plaintiff's counsel immediately began arranging the deposition of V.M. Fourth, these actions demonstrate that Plaintiff acted in good faith. Because Plaintiff has shown excusable neglect, this Court turns to the Rule 15 analysis.

/ /

/ /

/ /

**C. Defendant has not met its burden to establish that amendment is improper under Rule 15.**

Under Rule 15, the defendant bears the burden of establishing bad faith, undue delay, prejudice to the opposing party, futility of amendment, or previous chances to amend and cure deficiencies. Defendant does not dispute the last factor (previous amendments). This Court incorporates its discussions of delay, prejudice, and good faith from above.

First, Defendant has not shown it will be substantially prejudiced. *See Montes v. Bank of Am.*, No. 2:13-cv-00660-RCJ-VCF, 2014 WL 1340232, at *3 (D. Nev. Apr. 3, 2014) ("The Ninth Circuit has repeatedly stated that the prejudice must be 'substantial.'") (collecting cases). Defendant's primary argument is that it will need to start discovery over again. Given Plaintiff's proposed amendments, this Court does not agree that discovery will need to start over entirely, though some additional discovery may be needed. However, "[t]he need for additional discovery alone does not establish undue prejudice." *Story v. Midland Funding LLC*, No. 3:15-CV-0194-AC, 2016 WL 5868077, at *4 (D. Or. Oct. 7, 2016) (citing *Genentech, Inc. v. Abbott Lab.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989)).

In addition, this Court is unpersuaded by Defendant's argument that it faces substantial prejudice due to Plaintiff's attempt to assert a new alter-ego theory of liability. Defendant again cites *Parker v. Joe Lujan Enters., Inc.* (discussed above). 848 F.2d 118, 121 (9th Cir. 1988). Relevant here, the Ninth Circuit in *Parker* found that the defendants would be "forced to reprepare their case for trial on an entirely different factual theory of liability" and "be compelled to conduct more off-shore discovery." *Id.*

Unlike *Parker*, Plaintiff is not altering her entire "factual theory of liability." She is continuing to pursue her negligence claims, while adding an alter-ego claim against Defendant F.P. Holdings given its relationship to PPII Holdings. Also, no burdensome off-shore discovery is needed here. Moreover, the procedural posture of the case is markedly different. Trial has not been set and discovery is open. This alone supports finding no undue prejudice. *See Snow Covered Cap., LLC v. Fonfa*, No. 2:22-CV-01181-CDS-BNW, 2024 WL 343435, at *3 (D. Nev. Jan. 30, 2024) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187–88 (9th Cir. 1987)) ("[T]he Ninth Circuit has found that when amendment is sought during discovery, and no trial

1    date has been set, the timing of amendment does not cause undue prejudice."). Given these

2    distinctions and the procedural posture of this case, this Court finds that Defendant will not be

3    substantially prejudiced by amendment.

4         Further, Defendant has not shown that Plaintiff acted in bad faith or unduly delayed in

5    seeking amendment. Defendant argues that Plaintiff has acted in bad faith because she is trying to

6    start a new case due to her claim against the Palms failing. This argument is undermined by the

7    fact Plaintiff is still proceeding against the Palms and has a valid reason (V.M.'s deposition

8    testimony) for moving to assert claims against Palms Place. In addition, Plaintiff did not delay in

9    waiting 51 days before discovering new evidence and moving to amend. *See Hologram USA, Inc.*

10   *v. Pulse Evolution Corp.*, No. 2:14-cv-0772-GMN-NJK, 2015 WL 316900, at *3 (D. Nev. Jan.

11   23, 2015) ("A strong presumption against a finding of undue delay exists when a case is still in

12   discovery."). In any event, undue delay alone is insufficient grounds for a court to deny leave to

13   amend. *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016); *Owens*

14   *v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712–13 (9th Cir. 2001).

15        Finally, Defendant has not shown that this Court should deny leave to amend based on

16   futility. "Denial of leave to amend on [futility grounds] is rare." *GMAC Mortgage LLC v. Nevada*

17   *Association Services, Inc.*, No. 2:13-cv-01157-GMN-NJK, 2018 WL 487101, at *2 (D. Nev. Jan.

18   5, 2018) (internal citations and quotations omitted). "Deferring ruling on the sufficiency of the

19   allegations is preferred in light of the more liberal standards applicable to motions to amend and

20   the fact that the parties' arguments are better developed through a motion to dismiss or a motion

21   for summary judgment." *Id.* (internal citations omitted). Thus, amendment is futile only if no set

22   of facts can be proven under the amendment that would constitute a valid and sufficient claim.

23   *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018); *Aiello v. Geico Gen. Ins.*

24   *Co.*, 379 F. Supp. 3d 1123, 1129 (D. Nev. 2019).

25        Here, Defendant argues that Plaintiff's negligence claim against PPII Holdings is time

26   barred, Plaintiff's allegations regarding Palms Place do not meet Rule 12(b)(6)'s plausibility

27   standard, and evidence shows Mr. Brass did not stay at the Palms or Palms Place at the time of

28   the alleged assault. ECF No. 65 at 5, 12. Plaintiff responds that her negligence claim is not time

barred because it falls under Rule 15(c)'s relation-back doctrine. She further argues her amended

complaint states a claim for relief against Palms Place that is plausible on its face. These disputes,

including Mr. Brass's hotel records, are better suited for a motion to dismiss or motion for

summary judgment. Therefore, this Court finds amendment is proper in accordance with the

liberal amendment policy under Rule 15. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186

(9th Cir. 1987) ("Thus [r]ule 15's policy of favoring amendments to pleadings should be applied

with extreme liberality." (citing *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981))

(internal quotations omitted).

**III.    CONCLUSION**

   **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend (ECF No. 63) is

**GRANTED**. Plaintiff must file her amended complaint within seven days of the date of this

Order.


   DATED: July 29, 2025



_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE